UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
GERARD DEPASCALE, LIAM NEVILLE
AND JOANNE DEPASCALE,

                                          MEMORANDUM AND ORDER

        Plaintiffs,                        CV 07-3558

    -against-                           (Wexler, J.)

SYLVANIA ELECTRIC PRODUCTS,
INC., et al.,

        Defendants.
-----------------------------------------------------------X
APPEARANCES:

    GONZALEZ & ROBINSON, PC
    BY: JOSEPH D. GONZALEZ, ESQ.
        KEITH A. ROBINSON, ESQ.
    Attorneys for Plaintiffs
    2801 Townsgate Road, Suite 111
    Westlake Village CA 91361

    THE MARASCO LAW FIRM
    BY: PAUL A. MARASCO, ESQ.
    Attorneys for Plaintiffs
    1328 Bay Shore Boulevard
    Rochester, NY  14609

    PAUL, HASTINGS, JANOFSKY & WALKER LLP
    BY: NED N. ISOKAWA, ESQ.
        JOHN P. PHILLIPS, ESQ.
    Attorneys for Defendants
    55 Second Street
    San Francisco, CA 94105

    KIRKLAND & ELLIS LLP
    BY: WILLIAM H. PRATT, ESQ.
        FRANK HOLOZUBIEC, ESQ.
        ANDREW G. HORNE, ESQ.
    Attorneys for Defendants

Citigroup Center
153 East 53rd Street
New York, NY 10022

ROBERT L. FOLKS & ASSOCIATES, LLP
BY: ROBERT L. FOLKS, ESQ.
Attorneys for Defendants
510 Broad Hollow Road, Suite 304-A
Melville, NY 11747

WEXLER, District Judge

This is an action, removed from state court, alleging injuries arising out of exposure to industrial chemicals allegedly discharged at a former nuclear rod facility. In their second amended complaint Plaintiffs allege only claims based upon exposure to certain non-nuclear chemicals and solvents. Abandoning claims made in their original, and first amended complaints, Plaintiffs state now that they make no claim of exposure to materials that would trigger jurisdiction pursuant to the Atomic Energy Act of 1954, 42 U.S.C. §1954, as amended by the Price-Anderson Act, 42 U.S.C. § 2210 (the "Price-Anderson Act").

Believing that the Price-Anderson Act is the only basis for federal jurisdiction in this matter, Plaintiffs move to remand this case to the Supreme Court of the State of New York. Defendants oppose remand, arguing that federal jurisdiction exists pursuant to the federal officer removal statute, 28 U.S.C. § 1442(a)(1). In response, Plaintiffs move to preclude Defendants from relying on any evidence in support of a federal contractor defense on the ground that Defendants failed to timely produce evidence as to this issue.

For the reasons set forth below, the court agrees that the federal officer removal statute confers federal jurisdiction in this case, and holds that no discovery-related sanction precluding the introduction of evidence in support of the defense should be imposed. Accordingly, the

motion to exclude evidence is denied as is the motion to remand.

## BACKGROUND

### I. The Parties And The Allegations of Exposure and Injury

Plaintiffs Gerard Depascale and Liam Neville are individuals who were employed by a company, not a defendant herein, known as Magazine Distributors, from the early 1990's until approximately 2002. Plaintiff Joanne Despacale is the wife of Plaintiff Gerard Depascale. Magazine Distributors is alleged to have been located on property, referred to herein as the "Facility," that was used from approximately 1952 though 1967 for the production, handling and storage of nuclear fuel rods.

Defendants are several corporations, the corporate relationships of which will not be detailed herein, as that issue is not relevant to the issues presented in this motion. Suffice it to say that Defendant Verizon is alleged to be the company that is the ultimate parent company, with successor liability, of the company that operated the Facility when it was engaged in the business that is alleged to have contaminated the Facility. For the purpose of this opinion, the court will refer to all Defendants simply as "Defendant."

Defendant is alleged to have used and discharged various chemicals and solvents, including several known carcinogens, into the ground and water in and around the Facility. Plaintiffs state that the chemicals remained in toxic form until at least 2003. Defendant is alleged to have deceived subsequent owners and occupiers of the Facility, including Plaintiffs' employer, as to the dangerous condition of the Facility. Plaintiffs Gerard Depascale ("Depascale") and Liam Neville ("Neville") allege that while working for Magazine Distributors at the Facility they were repeatedly exposed to the toxic chemicals left there as a result of the

operation of the Facility by Defendant. Depascale and Neville state that they have developed rare forms of cancer as a result of that exposure.

II. The Complaint, the Amended Complaint and the Second Amended Complaint

This case was commenced in the State Court of the State of New York. That complaint alleged only state law causes of action arising from the exposure of Plaintiffs to toxic substances, enumerated in the complaint to include radioactive uranium and thorium, as well as various chemicals. Plaintiffs complained that their injuries were a result of exposure to both the radioactive and chemical substances. After commencement of the action, Defendants timely removed the case to this court. The basis for removal was allegations regarding exposure to radioactive materials alleged injury as a result of a "nuclear incident." Such an incident gives rise to federal jurisdiction under the Price-Anderson Act.

After removal, Defendants submitted a letter to this court setting forth their intention to move to dismiss the complaint. That letter, dated September 28, 2007, sought dismissal of Plaintiffs' state law claims on the ground that such claims are pre-empted by the Price-Anderson Act. In response to Defendants' letter, Plaintiffs expressed their intention to file an amended complaint. Defendants therefore withdrew the request to move to dismiss, and Plaintiffs filed the Fist Amended Complaint. In addition to the state law causes of action, the First Amended Complaint specifically alleged a federal cause of action pursuant to the Price-Anderson Act.

Shortly after service of the First Amended Complaint, Defendants again wrote to the court in anticipation of making a motion to dismiss. That letter, dated December 21, 2007, proposed that the Price-Anderson Act claims should be dismissed because Plaintiffs failed to allege the applicable federal permissible dose limit, and that each Plaintiff was exposed to

radioactive material in excess of that dose. Defendants filed, and Plaintiffs responded to, a motion to dismiss the First Amended Complaint. While that motion was pending, Plaintiffs, with the consent of Defendants, filed a Second Amended Complaint. In view of the filing of the Second Amended Complaint, on July 9, 2008, this court denied the motion to dismiss the First Amended Complaint as moot.

The Second Amended Complaint was filed in August of 2008. That complaint, as described above, specifically removes any claim of injury as a result of exposure to radioactive material. Accordingly, the Second Amended Complaint, like the original complaint, alleges only state law causes of action. The Second Amended Complaint is clear in its specific disclaimer of any claim pursuant to the Price-Anderson Act, and any injury alleged to arise form the exposure to radioactive material.

III. The Present Motion

Having stripped their complaint of any reference to radioactive material, Plaintiffs now move to remand on the ground that there is no longer federal jurisdiction. Defendants oppose remand on the ground that there exists a ground for federal jurisdiction, separate and distinct from the Price-Anderson Act. Specifically, Defendants seek to have this matter remain in federal court on the ground that they assert the federal contractor defense, a basis for federal jurisdiction pursuant to 28 U.S.C. §1442(a)(1). In response to Defendant's attempt to retain federal jurisdiction by relying on the federal contractor defense, Plaintiffs have filed a motion to preclude Defendant from presenting evidence in support of that defense. After outlining relevant legal principals, the court will turn to the merits of the motions.

## DISCUSSION

I. <u>The Federal Contractor Defense</u>

The federal removal statute provides for removal of cases to federal court when the case is brought against the "United States or an agency thereof or any officer (or any person acting under that officer) of the United States or of any agency thereof, sued in an official or individual capacity for any act under color of such office." 28 U.S.C. §1442(a)(1). The statute is interpreted to allow removal of cases where private entities are the named defendants, under certain circumstances. In such cases, federal jurisdiction exists if the defendants seeking removal show: (1) that they are persons within the meaning of the statute, who acted under a federal officer; (2) that they performed the acts for which they are sued under color of federal office and, (3) that they raise a colorable federal defense. <u>Jefferson County v. Acker</u>, 527 U.S. 423, 431 (1999); <u>Mesa v. California</u>, 489 U.S. 121, 124-25 (1989); <u>Isaacson v. Dow Chem. Co.</u>, 517 F.3d 129, 135 (2d Cir. 2008). The Supreme Court has held that the federal officer removal statute is to be broadly interpreted and liberally construed. <u>Watson v. Phillip Morris Cos., Inc.</u>, 127 S. Ct. 2301, 2304-05 (2007); see <u>Pantalone v. Aurora Pump Co.</u>, 2008 WL 4272649 *3 (D. Conn. 2008).

As the Second Circuit has recognized, corporations are "persons' within the meaning of the removal statute. <u>In re Methyl Tertiary Butyl Esther Prods. Liab. Litig.</u>, 488 F.3d 112, 124 (2d Cir. 2007); see <u>Isaacson</u>, 517 F.3d at 136. The "acting under color of federal office" prong is not satisfied merely by alleging compliance with federal law or regulations. <u>Watson</u>, 127 S. Ct. at 2307. Instead, the defendant must show that it assisted or helped to carry out the duties or tasks of a federal superior. <u>Id.</u> Such assistance establishes the "special relationship" between the

6

contractor and the federal government sufficient to satisfy the removal statute. See id. It has been held that a defendant carrying out a contractual duty to produce an item that the government would have to otherwise produce on its own, has the required "special relationship" to support federal officer removal. See Isaacson, 517 F.3d at 138; see, e.g., Pantalone, 2008 WL 427649 *3 (manufacturer acting pursuant to contract with, and according to specifications of, the Untied States Navy, establishes first prong of federal officer removal statute).

In addition to showing that it is a person acting "under a federal officer," the defendant seeking to support federal jurisdiction must demonstrate that it performed the acts for which they are sued "under color of federal office." Isaacson, 517 F.3d at 136. This prong of the jurisdictional test is satisfied by showing that the acts forming the basis of plaintiff's claim occurred because of what was being performed for the government. Isaacson, 517 F.3d at 137-38. This has been referred to as a causation requirement, requiring a showing that the case arises out of the acts done under federal authority. "The hurdle erected by this requirement is quite low . . . ." Id.

Finally, the defendant seeking to invoke the federal officer removal statute must "raise a colorable federal defense." Jefferson County, 527 U.S. at 431. The defense must be based on federal law and arise out of the defendant's official duties. Isaacson, 517 F.3d at 138. Adequately supported affidavits are sufficient to establish a colorable federal defense for the purpose of establishing federal removal jurisdiction. Viscosi v. American Optical Corp., 2008 WL 4426884 *4 (D. Conn. 2008). To sustain federal jurisdiction, the contractor need not show that the federal defense asserted will necessarily succeed, only that a colorable claim of the defense is set forth. Id.

II. Disposition of the Motions

As noted, the two motions before the court are Plaintiffs' motion to remand and their motion to preclude Defendants from supporting federal jurisdiction based upon the federal officer removal statute. The latter motion was the only argument filed in response to Defendant's response to the motion to remand. Thus, Plaintiffs do not appear to refute Defendant's argument regarding the applicability of the federal officer removal statute. Instead, they argue against the right to assert that defense at this stage of the proceedings.

A. Applicability of 28 U.S.C. §1442(a)(1)

Without regard as to whether Plaintiffs make any argument against applicability of the federal officer removal statute, the court holds that Defendant has made the showing necessary to support federal jurisdiction. First, Defendant has shown that its predecessor was a person acting under color of a federal officer. Specifically, Defendant has come forward with sufficient evidence to show that the Facility was engaged in the manufacture of nuclear fuel rods for use by the government in connection with its nuclear weapons program. Defendant's predecessor company was chosen by the United States government to manufacture uranium fuel elements for use in reactors producing plutonium for a nuclear weapons program. The contract for production specified the type of fuel elements to be produced as well as the method of production. Defendant has produced more than sufficient documentation attesting to the extensive government control over the operation. Such control exceeds mere compliance with government regulation, and establishes the first prong of the test showing the propriety of removal.

As to the second prong, the causation requirement, it is clear that the Plaintiffs' case arises out of activities conducted at the behest of the government, and pursuant to the contract

between Defendant's predecessor and the government. Thus, it can be said that Defendant is sued for acts performed under color of federal office.

Finally, Defendant has alleged sufficient facts in support of a federal defense, so as to raise a colorable federal defense sufficient to support federal jurisdiction. Specifically, Defendant raises the federal contractor defense to Plaintiffs' claims. That defense protects private parties carrying out government work. Viscosi, 2008 WL 442884 *4. Specifically, a federal contractor is protected from state tort liability "where the Government approved the product's general design, the product conformed to that design, and the contractor warned the Government of the risks of the product." Isaacson, 517 F.3d at 138. In light of the court's finding that a review of Defendant's submission reveals sufficient facts upon which to raise the federal contractor defense, and the foregoing findings regarding the first two prongs for removal, the court holds that Defendant has asserted sufficient facts to support federal jurisdiction under 28 U.S.C. § 1442(a)(1).

B. <u>Ability of Defendant to Raise the Federal Contractor Defense</u>

As noted, instead of arguing with Defendant's establishment of the elements of the federal officer removal statute, Plaintiffs argue that Defendant should be precluded from asserting the government contractor defense because of its delay in doing so. The court disagrees.

Plaintiff's motion to exclude evidence seeks to preclude Defendants from producing three recently identified witnesses in support of the government contractor defense. Any failure on the part of Defendant to fail to earlier identify these witnesses, however, is attributable to the fact that Plaintiffs have continually changed the theory of their case. They have filed three separate

9

complaints, changing the theories from non-nuclear, to nuclear, and back to non-nuclear allegations. The latest attempt is obviously no more that a not-so-transparent attempt to defeat federal jurisdiction. Defending against these changing allegations is like responding to a moving target. The court cannot therefore fault Defendant for asserting a federal contractor defense at this juncture.

Moreover, Plaintiffs cannot claim prejudice by allowing Defendant to assert a government contractor defense. Discovery is ongoing, and Plaintiffs have time in which to depose the witnesses identified. Finally, it is disingenuous for Plaintiffs to claim unfair surprise as a result of late assertion of the government contractor defense. Plaintiffs have been litigating cases arising out of alleged exposures at the Facility for the past six years. In earlier cases, Plaintiffs pursued the theory of injury by exposure to nuclear materials. In those cases, Defendants did not rely on the government contractor defense, choosing instead to focus on defenses related to dose exposure. In the one case (also before this court), where Plaintiffs allege exposure to non-nuclear materials, defendants have asserted the government contractor defense. See Remson v. Verizon Communications, Inc., No. 07-5296. In view of counsels' experience in litigating similar cases, the court has little difficulty concluding that Plaintiffs have been well aware of the possibility that the government contractor defense might be asserted where the argument is exposure to non-nuclear materials. They can argue neither unfair surprise nor a violation of the Federal Rules of Civil Procedure.

## CONCLUSION

For the foregoing reasons, the motion to remand is denied. The motion to exclude evidence is also denied. The parties are directed to proceed expeditiously with discovery. The

Clerk of the Court is directed to terminate the motions.

SO ORDERED.

/s/ Leonard D. Wexler
LEONARD D. WEXLER
UNITED STATES DISTRICT JUDGE

Dated: Central Islip, New York
October 28, 2008