UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
GERARD DEPASCALE, LIAM NEVILLE
AND JOANNE DEPASCALE,

      MEMORANDUM AND ORDER

  Plaintiffs,        CV 07-3558

 -against-         (Wexler, J.)

SYLVANIA ELECTRIC PRODUCTS,
INC., et al.,

  Defendants.
-----------------------------------------------------------X
APPEARANCES:

  ENENSTEIN & ASSOCIATES, PC
  BY: DARREN S. ENENSTEIN, ESQ.
  233 Wilshire Boulevard, Suite 900
  Santa Monica, CA 90401
  Attorneys for Plaintiffs

  GONZALEZ & ROBINSON, PC
  BY: JOSEPH D. GONZALEZ, ESQ.
    KEITH A. ROBINSON, ESQ.
  Attorneys for Plaintiffs
  2801 Townsgate Road, Suite 111
  Westlake Village CA 91361

  PAUL, HASTINGS, JANOFSKY & WALKER LLP
  BY: NED N. ISOKAWA, ESQ.
    JOHN P. PHILLIPS, ESQ.
  Attorneys for Defendants
  55 Second Street
  San Francisco, CA 94105

  KIRKLAND & ELLIS LLP
  BY: WILLIAM H. PRATT, ESQ.
    FRANK HOLOZUBIEC, ESQ.
    ANDREW G. HORNE, ESQ.
  Attorneys for Defendants

1

Citigroup Center
153 East 53rd Street
New York, NY 10022

ROBERT L. FOLKS & ASSOCIATES, LLP
BY: ROBERT L. FOLKS, ESQ.
Attorneys for Defendants
510 Broad Hollow Road, Suite 304-A
Melville, NY 11747

WEXLER, District Judge

This is a negligence action in which Plaintiffs sought damages for injuries alleged to have been caused by exposure to certain non-nuclear chemicals and solvents. The exposure was alleged to have taken place while Plaintiffs Gerard DePascale and Liam Neville were employed at a site that, years before their employment, was used as a nuclear rod manufacturing facility (the "Site"). Plaintiff Joanne Depascale sought damages for loss of her husband's services.

This case was tried before a jury, which found that Plaintiffs were entitled to the aggregate sum of $12 million. After the jury trial, this court ruled on Defendant's post-trial motions, pursuant to Rule 50 of the Federal Rules of Civil Procedure, for judgment as a matter of law, or in the alternative, for a new trial pursuant to Rule 59 of the Federal Rules of Civil Procedure.

The court assumes familiarity with its Memorandum and Order on the post-trial motions, see Depascale v. Sylvania Elec. Products, Inc., 710 F. Supp.2d 275 (E.D.N.Y. 2010). Briefly stated, the court denied the motion to the extent that it argued that the expert medical testimony compelled a decision in favor of Defendant. A new trial was granted, however, pursuant to Rule 59 of the Federal Rules of Civil Procedure, with respect to the issue of whether the evidence compelled only a single reasonable conclusion regarding whether Defendant should have

prevailed with respect to the affirmative defense known as the "government contractor defense."

With respect to that defense, the court noted that the jury was instructed as to the elements of the government contractor defense, as set out in Second Circuit precedent, and in the previously denied motion for summary judgment herein. See, e.g., Brinson v. Raytheon Co., 571 F.3d 1348, 1351 (2d Cir. 2009); In re Agent Orange Litigation, 517 F.3d 76, 88 (2d Cir. 2008). Thus, the jury was instructed that for the defense to apply, they would have to find that the Defendant proved, by a preponderance of the evidence that:

- the government (in this case the Atomic Energy Commission) approved reasonably precise specifications for the work to be done at the site;

- that the work done conformed to those specifications; and

- that Defendant (Verizon's predecessor, Sylvania) warned the government of dangers of carrying out the contract that were known to Sylvania, but not known to the government.

The court offered to charge the jury to answer specific interrogatories as to each element of the government contractor defense. That offer was rejected, and the parties agreed to a single interrogatory, asking the jury to respond "yes," or "no," to the question, "Did Defendant establish its entitlement to the government contractor defense?" The jury responded, "No."

While the court found sufficient evidence to deny Defendant's Rule 50 motion for judgment as a matter of law as to the government contractor defense, the court made no similar holding with respect to the Rule 59 motion. The court characterized the evidence supporting the defense as "overwhelming." The court noted that the issue was whether such overwhelming evidence undermined the jury verdict to such an extent as to require granting a new trial. The court held that it did, and granted the motion for a new trial.

3

Subsequent to the granting of a new trial, the court allowed the parties the opportunity to take any additional discovery they deemed fit to prepare for trial. The parties have taken advantage of that opportunity and, in addition, have explored the possibility of settlement. No settlement has been agreed upon, and the parties are currently engaged in completing discovery, pursuant to agreement, in anticipation of the upcoming, and long scheduled trial.

The parties have recently sent correspondence to the court seeking to make motions for summary judgment and clarification of the issues that will be tried. As to motions for summary judgment, the court notes that it long ago found that issues of fact with respect to the government contractor defense preclude the entry of judgment. The court's decision on the post-trial motion also makes clear that the issue of the government contractor defense must be resolved by way of a new trial. As to the request for a conference to clarify the issues that are to be tried, the court holds that no conference is necessary and refers the parties to the clear language of its post-trial decision:

The new trial shall be limited only to the issue of the government contractor defense, and whether that defense is precluded because, during the relevant time period, Sylvania was engaged in both government and private business at the Site. No other matter will be re-tried, including any argument that Sylvania's breach of contract precludes it from taking advantage of the government contractor defense.

The court is unaware as to how a conference will assist the parties in clarifying this holding. The new trial will be held on the sole issue of whether Plaintiffs' claims are barred by the government contractor defense. The court's previous decision and jury instructions make clear the law that the jury will apply. No further pretrial conferences will be held and jury

selection will proceed as scheduled.

    SO ORDERED.

                                        LEONARD D. WEXLER
                                        UNITED STATES DISTRICT JUDGE

Dated: Central Islip, New York
        June 27, 2011